T.C. Summary Opinion 2002-27

UNITED STATES TAX COURT

NORMA A. RAMIREZ-OTA, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1951-00S.                    Filed March 28, 2002.

Norma A. Ramirez-Ota, pro se.

Rachael J. Zepeda, for respondent.

GOLDBERG, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income taxes in the amounts of $4,118 and $4,394, for tax years 1997 and 1998, respectively.

After concessions by respondent,[1] the issues for decision are (1) whether petitioner is entitled to head of household status and (2) whether petitioner is entitled to the earned income credit for the years in issue.

Some of the facts in this case have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence at trial are incorporated herein by this reference. At the time the petition was filed, petitioner lived in Tempe, Arizona.

During 1997, petitioner and her two minor daughters (collectively the children) lived "on and off" in her former in-laws' home located at 3938 West Montebello, Tempe, Arizona (Montebello residence). Petitioner and her ex-husband divorced in 1993, but "were trying to patch things up because of the kids." Sometime during 1997, petitioner's ex-husband was in a car accident and was hospitalized. Petitioner did not pay rent to her former in-laws while she and her children stayed at the Montebello residence. However, petitioner testified that during

---

[1] Respondent concedes that petitioner is entitled to two dependency exemption deductions claimed for her minor daughters in 1997 and 1998. Respondent further concedes that petitioner is entitled to the child tax credit of $377 in 1998.

1997 her former in-laws did not provide any other financial assistance to her or the children. During 1997, petitioner's former father-in-law worked for the State of Arizona Department of Highways, and petitioner's former mother-in-law was studying to become a teacher.

Despite the above, petitioner stipulated that during 1997 and 1998, she and her children lived in a 3-bedroom home located at 1217 W. Manhattan, Tempe, Arizona (Manhattan residence), owned by her brother, Esau Ramirez III (brother). Petitioner's parents, Esau G. and Adelina B. Ramirez (parents), her brother, and her younger sister also resided at the Manhattan residence. While petitioner lived at the Manhattan residence, she paid a monthly rent, including utilities, ranging from $110 to $120. In 1998, petitioner paid the cable bill, approximately $47.56 per month, for 7 months.

During the years in issue, petitioner paid for the children's clothing, school supplies, and some food. While at the Montebello residence, petitioner's former in-laws paid for a majority of the food and groceries. The record does not establish the amount of utilities, mortgage payment, or other expenses necessary to maintain the Montebello residence. While at the Manhattan residence, petitioner's parents and her brother paid for a majority of the food and groceries. Petitioner's brother further testified, and petitioner did not dispute at

trial, that monthly expenses, including the water bill of approximately $50, the electricity bill of approximately $300, the mortgage payments of $615, and the telephone bill of approximately $50, were paid by either petitioner's brother or petitioner's parents.

Petitioner estimated her monthly expenses in 1997 and 1998 as follows:

| | |
|---|---|
| Car and insurance payments | $477.00 |
| Rent (including utilities) | 120.00 |

Petitioner spent approximately $100 per child for school clothing. The record does not reflect the amount paid by petitioner for her children's school supplies.

During the years in issue, petitioner was employed as a clerk typist III at the Attorney General's Office in Phoenix, Arizona. Both petitioner's gross wage and adjusted gross income for 1997 and 1998 were $14,622 and $14,838, respectively. Petitioner filed her 1997 and 1998 Federal income tax returns as head of household and claimed the earned income credits.

Petitioner's parents reported adjusted gross income for 1997 and 1998 of $21,116 and $31,411, respectively. Petitioner's brother filed his Federal income tax returns as head of household for the years in issue.

Respondent determined that petitioner's filing status was single, not head of household, because she did not provide over

half of the cost to maintain the household during the years in issue. Further, respondent disallowed the earned income credits because petitioner's parents also qualify to claim the earned income credit for the children during the years in issue.

Respondent's determination is generally presumed to be correct, and petitioner bears the burden of proving that it is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[2]

Head of Household Status

According to the relevant part of section 2(b), an individual shall be considered a head of household if such individual (1) is not married at the close of the taxable year and (2) maintains as her home a household which constitutes for more than one-half of the taxable year the principal place of abode of a person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151. An individual is considered as maintaining a household only if she provides over half of the cost of maintaining the household during the taxable year. Sec. 2(b); Wooten v. Commissioner, T.C. Memo. 2000-54.

------

[2] Respondent's examination of petitioner's case began after July 22, 1998. However, since sec. 7491(a) does not alter the taxpayer's burden of proof where the taxpayer has not complied with all applicable substantiation requirements, sec. 7491(a) does not apply in this case. Higbee v. Commissioner, 116 T.C. 438, 442 (2001).

In this case, petitioner was not married at the close of 1997 or 1998, and it is undisputed that the children stayed with petitioner for more than one-half of the taxable year. However, petitioner has not established that she provided over half of the cost of maintaining the household during each taxable year in issue.

The record is not clear as to where petitioner and her children resided during 1997. If we find that petitioner lived with her former in-laws during most of 1997 at the Montebello residence, petitioner would not prevail on this issue. We have no evidence as to the annual cost of maintaining this household; i.e., mortgage payments, utility bills, telephone bills, food or grocery bills, and other expenses relating to the household. Sec. 1.2-2(d), Income Tax Regs. Petitioner's former in-laws did not testify at trial. See <u>Briggsdaniels v. Commissioner</u>, T.C. Memo. 2001-321.

Moreover, if we were to find that petitioner and her children lived with her parents and siblings during most of 1997 at the Manhattan residence, the result would not change.

Based upon the testimony at trial and the stipulation of facts, the overall monthly household expenses of the Manhattan residence for 1997 and 1998 were as follows:

| | |
|---|---|
| Mortgage | $615 |
| Electricity | 300 |
| Water | 50 |

| | |
|---|---|
| Cable | 48 |
| Phone | 50 |
| Total | $1,063 |

Petitioner contributed approximately $110 to $120 per month in rent and a portion of the utilities.[3]  Petitioner also contributed to the household by paying the cable bill for 7 months in 1998.  However, based upon the total expenses for the household in 1997 and 1998, it is clear that petitioner did not provide more than half of the cost of maintaining the household.[4]

Therefore, on the basis of the record, we hold that petitioner is not entitled to file her 1997 and 1998 Federal income tax returns as head of household.

Earned Income Credit

The relevant parts of section 32 provide that an individual is eligible for the earned income credit if the individual has a qualifying child.  A "qualifying child" is a son or daughter of the taxpayer who has not attained the age of 19 at the end of the taxable year and shares the same principal place of abode in the United States with the taxpayer for more than one-half of the

---

[3]    The record is unclear how this amount was calculated for rent or utilities.

[4]    We also note that the list of household expenses is not complete.  The list does not include expenses for gas and other utility charges, property taxes, upkeep and repairs, property insurance, and food consumed on the premises.  Sec. 1.2-2(d), Income Tax Regs.  The record is absent any evidence to support a finding that petitioner contributed any amount of the listed household expenses.

taxable year. Sec. 32 (c)(3). Petitioner's children are qualifying children under the requirements of section 32(c)(3).

However, even if a taxpayer meets all of the requirements under section 32, she may not be eligible to claim the earned income credit if there are two or more persons who are eligible for the earned income credit with respect to the same qualifying child. In that situation, only the individual with the highest modified adjusted gross income shall be treated as an eligible individual with respect to the qualifying child. Sec. 32(c)(1)(C). In the instant case, the children are also qualifying children of petitioner's parents.

On the other hand, for 1997 if petitioner and her children lived with her former in-laws for most of the year, petitioner failed to show that her adjusted gross income exceeded that of her former in-laws. Therefore, petitioner has not met her burden in this scenario.

In 1997 and 1998, petitioner's parents had adjusted gross income of $21,116 and $32,810, respectively. Petitioner's adjusted gross income for the years in issue was $14,622 and $14,852, respectively. There is no dispute that petitioner's parents had the greater adjusted gross income during the years in issue.

Because petitioner has failed to show that she is entitled to the earned income credits for the years in issue, respondent

is sustained on this issue.  <u>Sutherland v. Commissioner</u>, T.C. Memo. 2001-8.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered under Rule 155</u>.